IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

DAVID WATLINGTON and LINDSEY
HOLLAWAY, on behalf of themselves and
others similarly situated                                            PLAINTIFFS

v.                              No. 2:17-cv-2-DPM

CITY OF McCRORY, ARKANSAS and
PAUL HATCH, in his Official Capacity as
the Police Chief of McCrory, Arkansas                                DEFENDANTS

ORDER

The part of the ordinance that Watlington and Hollaway objected to has now been removed, so it can't be enforced against them or anyone else. *Compare Horne v. Firemen's Retirement System of St. Louis*, 69 F.3d 233, 235 (8th Cir. 1995). Unlike Mr. Horne, Watlington and Hollaway don't face possible enforcement of an existing law. The City of McCrory is entitled to a presumption of good faith. *Federation of Advertising Industry Representatives, Inc. v. City of Chicago*, 326 F.3d 924, 929–930 (7th Cir. 2003). There's no indication of record whatsoever that McCrory is bent on finding some way to punish poor folks who live in trailers, or plans to amend the ordinance in an attempt to do so, if this case goes away. *Ibid.*; *Bench Billboard Company v. City of Cincinnati*, 675 F.3d 974, 981–82 (6th Cir. 2012).

Watlington and Hollaway are right that Chief Hatch's order in early December 2016 that they had to move after the holidays was certainly the start of enforcement. № *1 at ¶ 28*. But things went no further. The holidays ended on January 3rd; this suit was filed on January 5th; the next day, this Court scheduled a TRO hearing for January 12th; and McCrory repealed the challenged provision on January 10th. Watlington and Hollaway didn't move out of McCrory, though they now say they made some preliminary efforts in that direction, incurred some related expenses, and had to live with some uncertainty. *№ 18 at 7*. Watlington and Hollaway also point to the high-dollar fines for violating the ordinance; they say these fines (as much as $500 a day) could harm low-income residents and invite arbitrary penalties. But Watlington and Hollaway were never fined. While their request for relief mentions compensatory damages in passing, *№ 1 at 21*, no damage facts were pleaded beyond injury from the alleged constitutional violations themselves.

McCrory and Chief Hatch are correct on this much: The core of the parties' dispute is resolved, and there's no occasion for an injunction. But the general rule is that a claim for compensatory damages actually incurred keeps an otherwise resolved dispute alive for adjudication on the merits. *E.g.*,

*Memphis Light, Gas and Water Division v. Craft*, 436 U.S. 1, 7–9 (1978); 13C WRIGHT AND MILLER, FEDERAL PRACTICE & PROCEDURE § 3533.3 at 2–7 (3d ed. 2008). Watlington and Holloway asked for damages but gave no details in their complaint. They now argue some damage details. *№ 18 at 7*. Under Rule 15(c), they're entitled to amend their complaint and plead the now-argued facts about actual damages incurred while the original ordinance was in force. In the circumstances, they must plead with particularity. And a verified complaint, or supporting affidavits, would be particularly helpful to everyone in evaluating what's really left of this case. Any amended complaint due by 23 June 2017. If none is filed, the Court will, on its own, dismiss for lack of subject matter jurisdiction. Motion, № 16, denied without prejudice.

So Ordered.

*signature*
D.P. Marshall Jr.
United States District Judge

23 May 2017